COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2623-CR**

Cir. Ct. No. 2019CF171

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JORDAN RAMONE HAWKINS,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Jordan Hawkins appeals a judgment of conviction entered after a jury found him guilty of fleeing an officer, possession of a firearm by a felon, resisting an officer, and obstructing an officer, all as a repeater.  Hawkins argues that the 1,449 days between the filing of the criminal complaint and trial violated his constitutional right to a speedy trial.  Applying the four-factor test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), we conclude that it did not.  We affirm.

## BACKGROUND

¶2    The State filed the criminal complaint against Hawkins on February 18, 2019.  At his initial appearance that day, defense counsel said that Hawkins was requesting a speedy trial.  At an April 4 calendar call, Hawkins withdrew his statutory speedy trial demand so that counsel could review extensive digital discovery and Hawkins could address a pending revocation proceeding.  Trial was ultimately set for September 30, 2019.

¶3    The trial did not occur in September 2019, and five later potential trial dates were also removed from the circuit court's calendar.  Hawkins moved to dismiss the case on constitutional speedy trial grounds in November 2022.  The court denied the motion, and trial began on February 6, 2023.

¶4    A jury found Hawkins guilty of four charges and acquitted him of one obstructing-an-officer charge; another charge had been dismissed.  The circuit court imposed concurrent sentences totaling three years of initial confinement and four years of extended supervision.  Hawkins appeals.

## DISCUSSION

¶5    The Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution guarantee an accused the right to a speedy

2

trial. *See State v. Ramirez*, 2025 WI 28, ¶30, 416 Wis. 2d 641, 22 N.W.3d 821. To determine whether the right to a speedy trial was violated, we apply the four-factor test from *Barker*, 407 U.S. at 530, considering "(1) the overall length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the speedy trial right, and (4) prejudice to the defendant." *Ramirez*, 416 Wis. 2d 641, ¶30. No factor is dispositive; we balance them under the totality of the circumstances. *Id.*

¶6      Whether Hawkins' constitutional right to a speedy trial was violated is a question of law that we decide independently. *See id.*, ¶29. We accept the circuit court's underlying factual and credibility findings unless they are clearly erroneous. *Id.*

## I.  Length of the Delay

¶7      The parties agree that 1,449 days—nearly four years—passed between the filing of the criminal complaint on February 18, 2019, and the day trial commenced, February 6, 2023. A delay of one year is generally presumptively prejudicial in the threshold sense that it triggers review of the remaining *Barker* factors. *See Ramirez*, 416 Wis. 2d 641, ¶31. This delay readily crosses that threshold. Once the threshold is crossed, the overall length informs our assessment of the other factors, particularly prejudice, but it does not itself establish a violation. *See id.*, ¶¶31-32, 38.

## II.  Reasons for the Delay

¶8      We next examine the reasons for the delay to determine "whether the State or the defendant is more to blame for the time that passed from accusation to conviction." *See id.*, ¶39. Delay caused by the defendant is not attributed to the State. *Id.* Likewise, "'time required for the orderly administration of criminal

justice'" does not count as delay, provided that the ordinary pretrial proceedings occur expeditiously. *Id.* (quoted source omitted). State-attributable delays are categorized as valid, neutral, or deliberate. *Id.*, ¶40. Valid delays are intrinsic to the case itself and do not weigh against the State. *Id.* Neutral delays—including those caused by negligence, court congestion, inadequate judicial resources, or mounting caseloads—weigh against the State, but not heavily. *Id.*, ¶41. Deliberate or bad-faith delays weigh heavily against the State. *Id.*

### A. February 18, 2019, to September 30, 2019

¶9 This initial period ran from charging to the first scheduled trial. As previously explained, Hawkins initially sought a speedy trial, but on April 4 he withdrew his statutory demand so counsel could review extensive digital discovery. Hawkins concedes that the first 46 days were necessary for the orderly administration of justice and that the remainder does not weigh against the State because defense counsel requested additional preparation time. This period does not weigh against the State. *See Scarbrough v. State*, 76 Wis. 2d 87, 100-02, 250 N.W.2d 354 (1977).

### B. September 30, 2019, to December 19, 2019

¶10 Four days before the September 30, 2019 trial, Hawkins asked that the trial date be removed from the circuit court's calendar after the State charged him in a separate robbery case and made a new plea offer. Counsel explained that Hawkins wanted time to evaluate the new case and the possibility of a global resolution. The preliminary hearing in the new case occurred on October 15. At the December 19 calendar call in this case, counsel was still reviewing discovery and proposed another calendar call rather than setting trial. The court instead set trial for April 20, 2020.

¶11     Hawkins argues that the absence of a new trial date between an October 4 status conference and December 19 should be considered State-attributable inactivity.  We disagree.  The trial date was removed at Hawkins' request, the new case proceeded during the interval, and defense counsel said that counsel was not ready at the December 19 calendar call to commit to a trial date. We therefore do not weigh this period against the State.

### C.  December 19, 2019, to March 22, 2020

¶12     On December 19, the circuit court scheduled trial for April 20, to allow for sufficient preparation time and the availability of a witness from the crime laboratory.  Hawkins concedes that this period of time was necessary for the orderly administration of justice.  We therefore do not weigh these 94 days against the State. *See id.*

### D.  March 22, 2020, to March 15, 2021

¶13     On March 22, 2020, the Wisconsin Supreme Court suspended jury trials because of the COVID-19 pandemic.  *See In re the Matter of Jury Trials During the COVID-19 Pandemic*, S. CT. ORDER (issued Mar. 22, 2020).  Rock County resumed the scheduling of trials on March 15, 2021, after its operational safety plan was approved.  Under *State v. Coleman*, 2025 WI App 7, ¶¶45-57, 415 Wis. 2d 71, 17 N.W.3d 307 (2024), a pandemic closure is attributable to the State for purposes of identifying the cause of delay but it is not weighed against the State because it was a reasonable response to a legitimate public emergency.

¶14     Hawkins contends that at least part of this period should count against the State because the circuit courts in neighboring counties, such as Walworth County, resumed jury trials earlier than the courts in Rock County.  But the circuit

court in this case found that Rock County remained at high risk after some other counties' risk levels had declined. It also found that Rock County monitored public health data, constructed a temporary courtroom, and could not have held an earlier jury trial without unreasonably risking the health and lives of trial participants. Hawkins does not show that these findings are clearly erroneous. The fact that courts in another county, facing different local conditions, resumed jury trials earlier does not establish that Rock County's closure should be weighed against the State. Consistent with *Coleman*, this period does not weigh against the State.

### E. March 15, 2021, to September 27, 2021

¶15 In anticipation of Rock County resuming jury trials, Hawkins' trial was set for April 12, 2021. On February 23, Hawkins moved to discharge the attorney who represented him in both this case and the robbery case. At the March 11 motion hearing, the circuit court initially said that it would not change the trial date merely because Hawkins sought new counsel. Counsel then explained that Hawkins was asking for a continuance to allow time for pretrial motions to be resolved. The prosecutor also advised the court that he had several trials scheduled for April 12 and was unlikely to be available. The court granted Hawkins' request for new counsel and reset trial for September 27.

¶16 The twenty-eight days from the resumption of jury trials on March 15 to the original April 12 trial date was ordinary time leading up to trial and do not weigh against the State. *See Ramirez*, 416 Wis. 2d 641, ¶39. Hawkins argues that the remaining delay should be attributed to the State because the prosecutor's calendar, rather than his change of counsel, caused the postponement. We disagree that he has shown that this delay should be attributed to the State. Although the prosecutor's conflicting trials may have contributed to the court's decision, as far as

the record reflects, Hawkins' request for new counsel and additional time to address anticipated motions made proceeding on April 12 impracticable. Successor counsel was not appointed until April 1, eleven days before the scheduled trial. The prosecutor's calendar supplied an additional reason to change the trial date, but it did not displace Hawkins' request as the precipitating cause. We therefore attribute this period to Hawkins. *See Scarbrough*, 76 Wis. 2d at 102.

### F. September 27, 2021, to April 18, 2022

¶17 Eleven days before the September 27 trial date, Hawkins' counsel filed a suppression motion after the scheduling-order deadline. The circuit court found that the scope of the motion required a lengthy evidentiary hearing and extensive argument that could not be completed before September 27. The court removed the trial date from the court's calendar, heard and decided the motion on October 15, and later rescheduled trial for April 18, 2022.

¶18 Hawkins argues that the circuit court and the prosecutor could have made time for the suppression hearing before September 27 or held it on the first trial day. But the motion, filed eleven days before trial, precipitated the postponement, and the time reasonably required to litigate it cannot be charged to the State. The resulting delay therefore does not weigh against the State. *See Ramirez*, 416 Wis. 2d 641, ¶¶39-40; *Norwood v. State*, 74 Wis. 2d 343, 357, 246 N.W.2d 801 (1976).

### G. April 18, 2022, to September 12, 2022

¶19 Before the scheduled April 18, 2022 trial date, Hawkins' second attorney withdrew from both cases because he was leaving the State Public Defender's Office. Successor counsel was appointed on April 1, only seventeen

days before trial, and requested a continuance to prepare. New defense counsel declined a June 13 trial date as too soon and agreed that September 12 was acceptable. A delay caused by defense counsel is generally attributed to the defendant even when counsel's reason is not the defendant's personal fault. *See State v. Provost*, 2020 WI App 21, ¶39, 392 Wis. 2d 262, 944 N.W.2d 23.

¶20     Hawkins asks us to assign the final six weeks of this period to the State because the prosecutor was unavailable in August. But the first August date the circuit court offered was August 15, and the record does not establish that defense counsel would have been ready then or at any earlier date before September 12. Nor was the court required to make a detailed day-to-day record regarding its calendar. *Ramirez*, 416 Wis. 2d 641, ¶47. Because the need to reschedule arose from replacement counsel's request for preparation time, this period does not weigh against the State.

### H.  September 12, 2022, to February 6, 2023

¶21     Three days before the September 12 trial, the circuit court changed the date for the trial of Hawkins' case because another case was also set for trial in the same branch. It rescheduled Hawkins' trial for February 6, 2023. This 147-day delay resulted from court congestion, which the court later acknowledged was entirely attributable to the court.

¶22     This period is attributable to the State. Court congestion is a neutral reason that weighs against the State, but not heavily. *Id.*, ¶¶40-41; *Coleman*, 415 Wis. 2d 71, ¶¶34, 42.

¶23     In sum, only the final 147 days clearly weigh against the State, and then only slightly. The pandemic period is attributable to the State but receives no

weight under *Coleman*. The remaining periods arose from defense requests, time required to address a defense motion, or the ordinary administration of the case. Nothing suggests that the prosecutor or the circuit court deliberately delayed trial to hamper the defense.

### III. Assertion of the Right

¶24 The third factor considers whether and how the defendant asserted the speedy trial right. A defendant's assertion is entitled to strong evidentiary weight, while delay in asserting the right may weigh against the defendant. *Ramirez*, 416 Wis. 2d 641, ¶49.

¶25 Hawkins asserted the right at his initial appearance. Counsel stated without qualification: "Mr. Hawkins does request a speedy trial." Hawkins' later withdrawal of the statutory demand did not waive his constitutional right. In February, March, and April 2022, Hawkins also filed bond motions taking the position that his speedy trial right had been violated, and in November 2022 he moved to dismiss on speedy trial grounds. These assertions weigh in Hawkins' favor.

¶26 Their weight is moderated, however, by Hawkins' conduct. He withdrew his statutory demand to permit additional preparation, requested that the September 2019 trial date be canceled, sought replacement counsel and a continuance shortly before the April 2021 trial, and did not again invoke the right on the record until February 2022. Those choices did not waive the constitutional right, but they are relevant to how insistently Hawkins sought prompt trial. *See Provost*, 392 Wis. 2d 262, ¶45. On balance, this factor favors Hawkins, but not as heavily as the initial demand alone might suggest.

## IV. Prejudice

¶27    We assess prejudice by considering oppressive pretrial incarceration, anxiety and concern, and impairment of the defense. *Ramirez*, 416 Wis. 2d 641, ¶51. Impairment of the defense is the most serious concern. *Id.* Courts generally do not presume prejudice as a matter of law when the delay is less than five to six years. *See id.*, ¶¶52-53 & n.8. Hawkins must therefore identify particularized prejudice.

¶28    Hawkins was incarcerated throughout the delay, but most of that incarceration overlapped with his custody on other matters. From May 2019 until February 2022, he was serving a revocation sentence triggered by the same conduct. Beginning in September 2019, he was also in custody in the companion separate robbery case. After completing the revocation sentence, Hawkins remained in the Rock County jail on cash bonds that he did not post. Incarceration on other matters does not eliminate the possibility of prejudice because delay may foreclose an opportunity for concurrent sentences. *See Hadley v. State*, 66 Wis. 2d 350, 364-65, 225 N.W.2d 461 (1975). But it is less oppressive than detention caused solely by the pending charge. *See Watson v. State*, 64 Wis. 2d 264, 271, 219 N.W.2d 398 (1974).

¶29    Hawkins also experienced the anxiety inherent in awaiting resolution of serious criminal charges, amplified by repeated trial dates and the pandemic. The circuit court acknowledged that concern but found that there was no evidence establishing its extent or a particular negative effect on Hawkins. The record thus supports some prejudice from anxiety, but not unusual or specifically demonstrated prejudice.

¶30 Most importantly, Hawkins does not identify any witness who became unavailable, evidence that was lost, memory that materially faded, or any other way in which the passage of time impaired his defense. Indeed, defense counsel acknowledged at the dismissal hearing that no defense had been categorically precluded. The most serious prejudice interest therefore does not favor Hawkins.

¶31 Hawkins separately argues that the delay cost him the opportunity to serve any sentence in this case concurrently with his revocation sentence. That lost possibility is a recognized form of prejudice. *See **Smith v. Hooey***, 393 U.S. 374, 378 (1969); ***Hadley***, 66 Wis. 2d at 364-65. The circuit court, however, expressly accounted for that circumstance at sentencing, stating that the sentence in this case likely would have been concurrent and that it was giving Hawkins "some degree of credit" for the lost opportunity.

¶32 Hawkins responds that the circuit court did not quantify that credit, so it is impossible to know whether the reduction fully replicated the benefit of a concurrent sentence. We therefore do not treat the court's consideration as erasing the lost opportunity. But the court's express adjustment materially mitigated the concrete consequence Hawkins identifies. Combined with the absence of any impairment to the defense, the limited showing of unusual anxiety, and the confinement attributable to other matters, the prejudice factor favors Hawkins but only modestly.

## V. Balancing

¶33 The nearly four-year delay was substantial, Hawkins asserted his right, and he experienced some prejudice. Those considerations favor Hawkins. On the other side of the balance, only 147 days of neutral congestion delay weigh against the State, and none of the delay was deliberate. As noted, much of the

11

remaining time resulted from an extraordinary public health emergency or from defense requests, changes in counsel, and the suppression motion filed shortly before trial. Hawkins has not shown that the delay impaired his defense.

¶34 Comparison to *Ramirez* reinforces this conclusion. There, our supreme court found no violation even after assuming, in Ramirez's favor, that 958 days resulted from delay weighed against the State. *Ramirez*, 416 Wis. 2d 641, ¶¶53-54. Here, the much smaller neutral delay of 147 days weighs against the State. Hawkins asserted the right earlier and identified greater sentencing prejudice than Ramirez did. However, for nearly three years of the delay—from May 2019 to February 2022—Hawkins was serving a revocation sentence and would have been confined regardless of this case. The circuit court also materially mitigated the lost opportunity for concurrent time, and Hawkins has shown no impairment of his defense.

¶35 Considering the totality of the circumstances, we conclude that Hawkins' constitutional right to a speedy trial was not violated.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

12